# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51387

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 8, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICARDO JOSEPH RUBIO, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order granting (in part) I.C.R. 35 motion for credit for time served, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Ricardo Joseph Rubio, Jr. pled guilty to passing fictitious bills, notes, and checks. Idaho Code § 18-3606. In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Rubio to a unified term of five years, with a minimum period of confinement of two years and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and placed Rubio on probation for two years. Subsequently, Rubio admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence. Rubio filed an Idaho Criminal Rule 35 motion for credit for time served, which the district court granted in part. Rubio appeals, arguing the district court erred when it awarded credit for time served in the amount of 567 days instead of 638 days.

1

Mindful that he conceded to the district court that the record correctly reflected he was only entitled to 567 days credit for time served, Rubio asserts that the district court erred by only partially granting his Rule 35 motion for credit for time served. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Because Rubio conceded to the district court that the record correctly reflected the days of credit for time served, he may not complain that the district court abused its discretion. Therefore, the district court's order granting (in-part) Rubio's Rule 35 motion for credit for time served is affirmed.